(34 Misc. Rep. 540.)

## MULLIN v. SIRE.

(Supreme Court, Appellate Term. April 16, 1901.)

CONTRACTS—AUTHORITY OF AGENT.

    One employed as the manager of a hotel, having general supervision of all its departments, and in control at all times except a couple of hours each day, when the owner was present, had authority to bind the owner by a contract for advertising in a hotel directory.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by Nicholas J. Mullin against Meyer L. Sire. From a judgment in defendant's favor, plaintiff appeals. Reversed.

Argued before BISCHOFF, P. J., and CLARKE and LEVENTRITT, JJ.

Baldwin & White, for appellant.

John J. Buckley, for respondent.

LEVENTRITT, J. The question involved on this appeal is whether one Amar had authority to bind the defendant to advertise his Criterion Hotel in the New York Commercial, a journal published by plaintiff's assignors. The contract was for the insertion in the New York Commercial's classified hotel directory of a two-line advertisement for one year at a cost of $72, and was signed "Criterion. Alfred A. Amar, Manager. Address: 41 St. & B'way, N. Y. C." Judgment was rendered below for the defendant, and, we think, erroneously. Amar testified that he signed the contract; that he was employed by the defendant as manager of the hotel; that

he had general supervision of the conduct of the hotel, general super-
intendence of all the employés, and general supervision of all the
departments. The defendant corroborated Amar on all essential
points; admitted that "he had charge of the hotel"; that he was
left in control when the defendant was not there, which, barring the
hours of 9 in the morning and 5 in the evening, was practically all
the time. This testimony was also elicited from the defendant:

"Q. You have heard Mr. Amar testify. Was his statement of his duties a
correct one? A. I think it was. He said he had charge of the help in the
hotel. That is as far as he stated. Q. He stated that he had general super-
vision of it in all its departments? A. That was correct."

On this statement it seems clear that the defendant held Amar
out to be his general agent, so far as the conduct and supervision
of his hotel business was concerned. Whether he had in fact au-
thorized Amar to make this contract is immaterial. The question
here is the extent of the apparent authority he conferred upon his
agent, and which, by the latter's acts and position, the public was
justified in assuming the agent possessed. The primary object of
a hotel is to secure guests, and in furtherance of this object it would
seem to be well within the powers of one intrusted with the general
conduct and supervision of a hotel in all its departments to insert
in a daily journal a two-line advertisement. One contracting with
the hotel, and for its benefit, would have the right to assume that
a manager, occupying the position that this one concededly did, had
authority to make the contract in question.

The judgment should be reversed, and a new trial ordered, with
costs to the appellant to abide the event. All concur.