MULLIN v. SIRE.

(Supreme Court, Appellate Term. March, 1902.)

1. AGENCY—POWER TO CONTRACT—EVIDENCE—SUFFICIENCY.

In an action on a contract claimed to have been made on behalf of defendant by the general manager of his hotel, the latter testified that he signed the contract, and that he superintended the conduct of the hotel throughout. Held a sufficient showing of the manager's authority to make the contract.

2. SAME—SCOPE OF AUTHORITY.

Evidence that the manager gave orders to tradespeople in matters pertaining to the hotel, and stood in the place of defendant during the latter's absence, was improperly excluded.

Appeal from municipal court, borough of Manhattan.

Action by Nicholas J. Mullin against Meyer L. Sire. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and GIEGERICH and GREENBAUM, JJ.

Baldwin & White (Raymond S. White and Roger L. Baldwin, of counsel), for appellant.

Meyer Greenberg, for respondent.

GIEGERICH, J. Upon a former appeal (34 Misc. Rep. 540, 69 N. Y. Supp. 953) a judgment in favor of the defendant was reversed because the latter had held one Amar out to be his general agent so far as the conduct and supervision of his hotel business was concerned; the appellate court being of the opinion that the question whether the defendant had in fact authorized Amar to make the contract in suit was immaterial, since one contracting with the hotel and for its benefit, as did this plaintiff, had the right to assume that the defendant had conferred apparent authority upon Amar to make such contract by reason of the latter's acts and position. Upon the former trial Amar testified that he signed the contract; that he was employed by the defendant as manager of the hotel; that he had general supervision of the conduct of the hotel, general superintendence of all the employés, and general supervision of all the departments. Upon the trial now the subject of review, Amar gave testimony to the effect that he was employed by the defendant; that he signed the contract; that his duties consisted of "looking after all the help in the hotel; general supervision of the entire house, so far as it related to the guests; superintendence of the conduct of the hotel throughout"; that he had general supervision over the employés of the hotel; and that there were several departments in the hotel, namely, offices, kitchen, dining room, and engineer's. Notwithstanding such testimony, and despite the opinion of the appel-

late court upon the former appeal that Amar had sufficient apparent authority to bind the defendant, the trial justice excluded, under exception, the contract in question, apparently upon the ground that Amar's authority to make it had not been shown. The contract being an essential element of plaintiff's case, it was prejudicial error to exclude it.

The plaintiff sought to show, by proper question, that Amar had charge of everything appertaining to the hotel; that he was at the head of the various departments of the hotel, and had general supervision over them; that he gave orders to tradespeople in matters pertaining to the hotel in the defendant's absence; and that he was at the hotel in the place of the defendant during his absence therefrom. But such testimony was excluded upon objection of the defendant, to which ruling the plaintiff excepted. We think the evidence so excluded had a material bearing upon Amar's authority to sign the contract in controversy, especially in view of the defendant's failure of recollection of testimony given upon a former trial respecting the duties of Amar, and of the difference between his (defendant's) testimony given on this trial and the former one. The judgment should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.